IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

NATHANIEL JOHNSON,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case 2:16-02763-JPM-cgc

CONCORD CAREER COLLEGE,
TOMMY STEWART, President of Campus,
JAMI FRAZIER, Vice President of Student Affairs,
MICHAEL CLEVELAND, Director of Clinical Education,
LORI SPENCER, Academic Dean,
and WINSTON GRANVILLE, Program Director,

      Defendant.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANT CONCORDE CAREER COLLEGES, INC., TOMMY STEWART, JAMI FRAZIER, AND MICHAEL CLEVELAND'S MOTION TO DISMISS**

---

    Before the Court is Defendants' Concorde Career Colleges, Inc. ("Concord College"), Tommy Stewart, Jami Frazier, and Michael Cleveland's (collectively "Moving Defendants")[1] Motion to Dismiss (Docket Entry "D.E." #21) and Plaintiff Nathaniel Johnson's *pro se* Request for Leave to Amend Civil Complaint ("Motion to Amend") (D.E. #28).  The instant motions were referred to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72.1 of the Local Rules.  For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED and that Moving Defendants' Motion to Dismiss be GRANTED.

---

[1] The additional Named Defendants Lori Spencer and Winston Granville have not received service of the Complaint against them, as the record reflects the summonses were returned unexecuted.  (D.E. #34, #35).  Accordingly, they have not appeared in the case to date and have not joined in the instant motion.

1

## I.     Introduction

On September 23, 2016, Plaintiff filed his *pro se* Complaint in this Court, which he states is based upon discriminatory practices, retaliation, and breach of contract. (Compl. at 1). Specifically, Plaintiff, who was a Respiratory Care student at Concord College (*see id.* at 3), alleges that he was told by the Assistant Director of Clinical, Mr. Cleveland, on or about April 30, 2012 to report to the school on May 1, 2012 "to be evaluated on lab technical competencies skills." (*Id.*) Although the school term was already over, Plaintiff was told by Mr. Cleveland at that meeting that he would "be given a comprehensive evaluation or a performance evaluation," which "consisted of a classroom evaluation and a lab evaluation." (*Id.*) Plaintiff states that this "was not the correct process to be used at all." (*Id.*) Plaintiff states that he filed a complaint with the Tennessee Higher Education Commission ("THEC") from "August 2012 up until August 2013," which Plaintiff claims resulted in a finding that "Concord did not follow its policy" but a failure of THEC to "right the wrong." (*Id.*) Subsequently, the parties engaged in arbitration. (*Id.*)

Regarding the arbitration process, Plaintiff alleges that the American Arbitration Association ("AAA") sent a letter confirming an Arbitrator on April 3, 2015, that the AAA "ended arbitration by removing the arbitrator" on July 23, 2015, and that no "substitute arbitrator was appointed an[d] no award was given." (*Id*. at 2). Plaintiff alleges that a February 17, 2016 letter confirmed the final arbitration fees and concluded the authority of the arbitration without an award being issued. (*Id.*) On March 13, 2016, Plaintiff requested by e-mail that the AAA provide a true copy of the finding of no award for his case. (*Id.*) Plaintiff states that this resulted in "giving no relief to plaintiff [for his] outstanding student loans, in which Concord . . . was paid

by the government." (*Id.*) Plaintiff also states that Defendants made the "decision to illegally withdraw plaintiff without cause or justification." (*Id.*)

As to causes of action, Plaintiff first alleges discrimination and states that he was "wrongfully discharged causing breach of contract." (*Id.*) Plaintiff does not cite any basis of law for this claim, nor does he allege either a protected class of which he is a member or that the discharge was an adverse action taken against him because he was a part of this protected class. (*Id.*) Instead, Plaintiff sets forth seventeen specific incidents in which he asserts he was held to standards different than other students at Concord College and was not provided the grievance process set forth in the College's Student Complaint and Grievance Procedure policies. (*Id.*)

Next, Plaintiff alleges retaliation. Likewise, Plaintiff does not cite any basis of law for this claim, nor does he allege either a protected class of which he is a member or that the discharge was an adverse action taken against him because he was a part of this protected class. However, Plaintiff asserts that "Defendants administratively withdrew the Plaintiff wrongfully, and immediately sent a bill for school payment and . . . placed it on Plaintiff['s] credit report." (*Id.* at 4). Plaintiff alleges that Defendants "retaliated after the plaintiff complained about the testing process . . . by breaching the contract without setting up a[n] arbitration as their own contract deems necessary . . . ." (*Id.*) Ultimately, for Defendants' "blatantly and knowingly" breaching the contract, retaliating, and discriminating against Plaintiff, he seeks $1,000,000.00 in compensatory and punitive damages, $32,173.00 of which would cure the balance owed for his 2011 and 2012 student loans. (*Id.*)

On May 25, 2017, the Moving Defendants filed their Motion to Dismiss. The Moving Defendants argue that Defendant has previously litigated this case in arbitration and that the

arbitrator has issued a final award denying Plaintiff's claims.  The Moving Defendants further argue that, prior to arbitration, Plaintiff submitted the same claims to THEC, a state regulatory agency, to the Commission on Accreditation for Respiratory Care ("CoARC"), a national accreditor, and to Concord College's internal grievance policy, where they were all denied. Finally, the Moving Defendants assert that Plaintiff's claims are untimely and outside of this Court's jurisdiction.  In the alternative, the Moving Defendants argue that, in the event that this Court concludes that Plaintiff has any viable allegations against them, Plaintiff's claims must be submitted to arbitration for a second time.

On June 20, 2017, Plaintiff filed his Motion to Amend.  Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2), (c)(1)-(2).[2]  Plaintiff seeks the Court's leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, relying on its provision that the Court "should freely give leave when justice so requires." *Id*.

Plaintiff further attached as an exhibit to his Motion to Amend his Proposed Amended Complaint.  In addition to the discrimination, breach of contract, and retaliation claims, Plaintiff mentions "violation[s] of (FTC) Federal Trade Commission Regulatory Rules and Fraud, Violating Truth In Lending Act, Regulatory Z Act, [and the] Graham-Leach-Bliley Act." (Prop. Am. Compl. at 1).  In his Statement of Facts, Plaintiff proposes to add as follows:

> During each and every . . . enrollment Agreement and or/ (RIC) Retail Installment Contract, year dating back to 2009, 2011, 2012, Plaintiff NEVER received NO PRIVACY NOTICES WHATSOEVER, and practicing Fraudulent Practices. Before this civil complaint Plaintiff never understood what a retail installment agreement was and was not. And that the word Buyer was a consumer term and Plaintiff was the consumer of a service and that their contract did not make it **CLEAR** and **CONSPICUOUS**.

---

[2] Plaintiff also cites a myriad of other federal provisions that the Court recommends do not even arguably apply to confer federal jurisdiction over his claims or render venue proper in this Court.

4

(*Id*. at 2). Plaintiff's initial summary of his Cause of Action, Defendants' Discrimination, and Defendants' Retaliation remains the same. (*Id*. at 2-3).

Plaintiff then proposes to include a section entitled "Defendant[s'] Violation of (FTC) Federal Trade Commission Rules and Regulations." (*Id*. at 3). First, Plaintiff alleges that he was neither provided a privacy note nor did his enrollment form state that one should have been given to him with a Retail Installment Contract. (*Id*. at 3-4). Plaintiff further alleges that a Retail Installment Contract must also be clear and conspicuous, that the consumer must receive a preview copy, and that, as it is an extended line of credit, Federal Trade Commission rules apply. (*Id*. at 4). Thus, Plaintiff alleges, that Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). (*Id*.) Plaintiff subsequently sets forth further allegations of these violations in Counts I-IV of his FTC Act claim, including that Defendants "used deceptive practices to sell [his] non-public information" and that they promoted "'owner financing' guised as student loan application[s]." (*Id*. at 5). Plaintiff further seeks to amend his damages to add an additional $200,000.00 "for income loss at a minimum Plaintiff could have earned if allowed to complete the Respiratory Degree Program and get degree" and an additional $1,000,000.00 for violation of the Federal Trade Commission Regulatory Rules. (*Id*. at 6).

**II.    Analysis**

   *a. Pro Se Plaintiffs*

Plaintiff requests that the Court "not hold him to the same stringent standards as that of a schooled attorney" in both his Complaint and Motion to Amend. (Compl. at 1; Mot. to Amend at 1; Prop. Am. Compl. at 1). Pleadings and documents filed by pro se litigants are to be "liberally

5

construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003). In this light, the Court will consider the pending motions.

### b. *Motion to Amend*

First, the Court will consider Plaintiff's Motion to Amend. Although Plaintiff correctly notes that leave to amend should be freely granted, Fed. R. Civ. P. 15(a), such leave should not be granted in cases of "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Foman v. Davis*, 371 U.S. 178 (1962).

In the instant case, the Court begins by considering the futility of Plaintiff's proposed amendments. Plaintiff seeks to amend to add a claim pursuant to Section 5 of the Federal Trade Commission Act ("FTCA"), as codified at 15 U.S.C. § 45. He also generally alleges violations

6

of the FTCA.  The United States Court of Appeals for the Sixth Circuit has held that a private party may not "invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act.  Congress has clearly limited the invocation of jurisdiction under the FTC Act to the Commission itself."  *FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458 (6th Cir. Aug. 4, 1988); *see also St. Martin v. KFC Corp.*, 935 F. Supp. 898 (W.D. Ky. Mar. 27, 1996) (citing cases); *see also McKinney v. Misico Investments, LLC*, No. 11-10467, 2011 WL 5244956, at *5 (Nov. 3 2011) ("[T]he FTCA does not provide for a private right of action.  Because the interest protected by the statute is that of the public at large, there is no private right to enforce its provisions.").  With respect to 15 U.S.C. § 45 specifically, courts have likewise "uniformly held that a private right of action does not exist" under this Section.  *Morales v. Walker Motor Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio Sept. 22, 2000) (citing cases).  Accordingly, the Court RECOMMENDS that Plaintiff's proposed amendments would be futile.  Further, because the Court should not grant leave to amend a pleading when the amendment would be futile, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED.[3]

    *c.  Motion to Dismiss*

As it is recommended that the Court deny Plaintiff's Motion to Amend, it is further recommended that the Court consider the Moving Defendants' Motion to Dismiss the Complaint.  As a threshold matter, the Moving Defendants assert that Plaintiff's original Complaint failed to plead sufficient grounds to confer subject matter jurisdiction upon this Court.  In fact, the Complaint does not mention federal jurisdiction.

---

[3] In addition to the futility of the proposed amendments, the Court further RECOMMENDS that Plaintiff's Proposed Amended Complaint would also be futile because it suffers from similar jurisdictional flaws as the Complaint as set forth in Section II.c.  Specifically, while Plaintiff mentions 28 U.S.C. § 1331 in the Proposed Amended Complaint, it is RECOMMENDED that his Proposed Amended Complaint nonetheless does not in fact set forth any federal question, nor does it set forth a basis for this Court's diversity jurisdiction.

There are two types of challenges to subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). At issue here is a facial challenge, which challenges "the sufficiency of the pleading itself." *Id*. When presented with this type of attack, "the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party." *Id.* This should be addressed pursuant to Rule 12(b)(1). *Id*.

Although Plaintiff failed to state the basis of federal jurisdiction, he alleges claims of discriminatory practices and retaliation. (Compl. at 1-3); however, Plaintiff has not pleaded either that he is a member of a protected class or that Defendants took and adverse action against him based upon that protected status, (*Id*. at 2-3; Mot. to Dismiss at 9 n.3). Such allegations are necessary to plead the prima facie case of violations of federal antidiscrimination and/or retaliation laws. *See, e.g., Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) (ADA requires showing that plaintiff "is an individual with a disability" and "was discriminated against solely because of the disability"); *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002 (Title VII discrimination and retaliation claims require allegations that plaintiff "is a member of a protected group," was "subject to an adverse employment action," and "non-protected employee was treated more favorably."). Thus, it is RECOMMENDED that Plaintiff's failure to allege these prima facie elements of a discrimination and/or retaliation claim do not give this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Hayes v. City of Memphis*, No. 12-2253-JDT-tmp, 2015 WL 1345213, at *5 (W.D. Tenn. March 2, 2015); *Hughes v. Am. Collectibles Network, Inc.*, No. 3:09-cv-176, 2010 WL 890982, at *4 (E.D. Tenn. March 8, 2010); *White*, 2011 WL 144916, at *5.

Plaintiff also alleges claims of breach of contract. Yet, claims for breach of contract are virtually always state-law claims unless the claim raises a substantial federal question due to special circumstances where the entire relationship between the parties is created by federal law. *See, e.g., Emergency Med. Care Facilities, P.C. v. BlueCross BlueShield of Tennessee, Inc.*, No. 15-1014, 2017 WL 237650, at *5-6 (E.D. Tenn. Jan. 19, 2017); *Dey El ex rel. Ellis v. First Tennessee Bank*, No. 13-2449, 2013 WL 6092849, at *12 (W.D. Tenn. Nov. 18, 2013); *Landers v. Morgan Asset Mgmt., Inc.,* No. 08-2260, 2009 WL 962689, at *8 n.10 (W.D. Tenn. Mar. 31, 2009). The Court RECOMMENDS that no such special circumstances are present here to give the Court federal question jurisdiction over Plaintiff's breach of contract claims.

Thus, Plaintiff's claims would have to meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant and that the amount in controversy be greater than $75,000.00. 28 U.S.C. § 1332. The Court should dismiss a complaint for lack of subject matter jurisdiction if "it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996). Punitive damages may not be included in the jurisdictional amount if "it is apparent to a legal certainty that such damages cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Punitive damages are also "not available in a breach of contract case" and are only permitted where a defendant is found by clear and convincing evidence to have acted "either intentionally, fraudulently, maliciously, or recklessly." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 n.2 (Tenn. 2012). Further, "Tennessee courts reserve punitive damages to cases with the most egregious wrongs." *Kutite LLC v. Excell Petroleum*, No. 2:13-cv-2106,

9

2016 WL 7495877, at *8 (W.D. Tenn. Aug. 24, 2016). It is RECOMMENDED that Plaintiff's Complaint does not meet the $75,000.00 threshold for diversity jurisdiction because his compensatory damages are capped at $32,173.00 and he has not pled any facts to support an inference of the intent required for punitive damages. Accordingly, it is RECOMMENDED that Plaintiff's Complaint also fails to establish diversity jurisdiction. Therefore, it is RECOMMENDED that Moving Defendants' Motion to Dismiss be GRANTED.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED and Moving Defendants' Motion to Dismiss be GRANTED.

**DATED** this 1st day of February, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**